12-1521-cv(L)
*Spagnola and Bernstein v. Great Northern*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand thirteen.

PRESENT:
  RICHARD C. WESLEY,
  PETER W. HALL,
  SUSAN L. CARNEY,
    *Circuit Judges.*

---

FRED SPAGNOLA, individually and on behalf of others similarly situated,
JONATHAN BERNSTEIN, individually and on behalf of others similarly situated,

    *Plaintiffs-Appellants,*

   -v.-       12-1521-cv (Lead)
            12-2746-cv (Con)

GREAT NORTHERN INSURANCE COMPANY, THE CHUBB CORPORATION,

    *Defendants-Appellees,*

FEDERAL INSURANCE COMPANY, JOHN D. FINNEGAN, THOMAS F. MOTAMED,
    *Defendants.*[*]

---

[*]The Clerk of the Court is directed to amend the caption in the case to conform with the above.

FOR APPELLANT:     Peter S. Linden, Edward M. Varga III, Andrew McNeela, Roger W. Kirby (*of counsel*), Kirby McInerney LLP, New York, NY.

Harold Edgar, (*of counsel*), Law Office of Harold Edgar, New York, NY.

Kenneth Elan, Law Office of Kenneth Elan, New York, NY.

FOR APPELLEE:      Joseph G. Finnerty III, Keara M. Gordon, DLA Piper LLP (U.S.), New York, NY.

Sara Z. Moghadam, DLA Piper LLP (U.S.), Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Plaintiffs-Appellants Fred Spagnola and Jonathan Bernstein appeal from a decision issued by the United States District Court for the Southern District of New York (Baer, *J.*) denying them class certification. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiff-Appellant Spagnola commenced this litigation in September 2006. The district court dismissed the majority

of Spagnola's claims, and on appeal, this Court affirmed the dismissal, but remanded for the court to further re-examine claims relating to certain language in the policy. On remand, the district court coordinated Spagnola's case with Bernstein's, who had filed while Spagnola sought appeal. Together, they filed for class certification and were denied. Spagnola and Bernstein appealed, but this Court remanded for reconsideration *sua sponte* in light of *Wal-Mart Stores Inc. v. Dukes*, 131 S. Ct. 2541 (2011). The district court found *Wal-Mart* had limited import for the instant case; affirmed its prior order; and denied class certification. This appeal followed.

Plaintiffs-Appellants appeal on the grounds that the district court's denial of class certification pursuant to Federal Rule of Civil Procedure 23(a)(4) and (b)(3) was in error.

This Court applies an abuse of discretion standard "both [to] the lower court's ultimate determination on certification of a class as well as to its rulings that the individual Rule 23 requirements have been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). The district court "is empowered to make a decision--of *its*

choosing--that falls within a range of permissible decisions," and the Court will only find "abuse" when the district court's decision "rests on an error of law. . . or a clearly erroneous factual finding, or. . . its decision. . . cannot be located within the range of permissible decisions." *Myers*, 624 F.3d at 547. The parties seeking class certification--here, Spagnola and Bernstein--bear the burden of establishing the evidence that each of Rule 23's requirements has been met. See *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).

Nothing in the lower court's well-reasoned decision finding that Plaintiffs-Appellants failed to meet their burden of demonstrating that they were adequate class representatives, or that common questions predominated in the proposed class action, veers outside the range of permissible decisions.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4